UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ANTHONY L. CAVALLERO,<br><br>                Plaintiff,<br><br>v.<br><br>STATE OF IDAHO,<br><br>                Defendant. | Case No. 1:20-cv-00182-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

Plaintiff Anthony L. Cavallero filed a pro se prisoner Complaint that is subject to screening because of his status as a prisoner and request for in forma pauperis status. (Dkt. 3.) The Court now reviews the Complaint to determine whether it should be summarily dismissed in whole or in part under 28 U.S.C. §§ 1915 and 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order dismissing the Complaint without prejudice.

## REVIEW OF COMPLAINT

### 1.     Factual Allegations

Plaintiff is a prisoner in the custody of the Idaho Department of Correction (IDOC). Plaintiff asserts that, in his state criminal case, Craig Stevely of the Public Defender's Office did not represent him properly. He asserts that his appointed attorney

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

did not allow him to have a jury trial and forced him to sign guilty plea papers, even though he wanted to proceed to a jury trial. Plaintiff asserts that he is innocent, but has to serve five years in prison. Plaintiff also asserts that the "goon squad" beat him up and gave him another five years, again, without a jury trial. The sole defendant in this action is the state of Idaho.

2.     **Standard of Law for Summary Dismissal**

The Court is required to review complaints filed in forma pauperis, or complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity, to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(d)(2) & 1915A(b).

A complaint fails to state a claim for relief under Rule 8 of the Federal Rules of Civil Procedure if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In other words, although Rule 8 "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted). If the facts pleaded are

"merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

**3.     Discussion**

   **A.     *Defendant State of Idaho***

The Eleventh Amendment prohibits a federal court from entertaining a suit brought by a citizen against a state, absent a waiver of sovereign immunity. *Hans v. Louisiana*, 134 U.S. 1, 16-18 (1890). The Supreme Court has consistently applied the Eleventh Amendment's jurisdictional bar to states and state entities "regardless of the nature of the relief sought." *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Moreover, only a "person" may be sued pursuant to 42 U.S.C. § 1983, and a state is not considered a "person" under that statute. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, Plaintiff cannot proceed against the state of Idaho.

   **B.     *Public Defender***

Plaintiff may desire to sue the public defender who represented him, Craig Stevely, or the Public Defender's Office. Plaintiff has failed to state a claim against these potential defendants. In *West v. Atkins*, 487 U.S. 42 (1988), the United States Supreme Court reiterated its earlier holding that criminal defense attorneys are not considered "state actors" under § 1983 because, in their unique function, they are not acting on behalf of the state:

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

> Indeed, *Polk County v. Dodson*, [454 U.S. 312 (1981)] … is the only case in which this Court has determined that a person who is employed by the State and who is sued under § 1983 for abusing his position in the performance of his assigned tasks was *not* acting under color of state law. The Court held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." 454 U.S., at 325, 102 S.Ct., at 453. In this capacity, the Court noted, a public defender differs from the typical government employee and state actor. While performing his duties, the public defender retains all of the essential attributes of a private attorney, including, most importantly, his "professional independence," which the State is constitutionally obliged to respect. *Id.*, at 321-322, 102 S.Ct., at 451. A criminal lawyer's professional and ethical obligations require him to act in a role independent of and in opposition to the State. *Id.*, at 318- 319, 320, 102 S.Ct., at 450. The Court accordingly concluded that when representing an indigent defendant in a state criminal proceeding, the public defender does not act under color of state law for purposes of § 1983 because he "is not acting on behalf of the State; he is the State's adversary." *Id.*, at 323, n. 13, 102 S.Ct., at 452, n. 13. *See also Lugar v. Edmondson Oil Co.*, 457 U.S., at 936, n. 18, 102 S.Ct., at 2753, n. 18.

*Id*. at 50 (emphasis added).

As a result, Plaintiff cannot sue the public defenders under § 1983. These claims are subject to dismissal.

### C.     *Claims Related to Plaintiff's Criminal Case*

Plaintiff's claims appear to be challenging his state criminal case outcome. As such, they are barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). He seeks release from prison as a remedy.

In *Heck*, the Supreme Court held that, where a favorable verdict in a civil rights action would necessarily imply the invalidity of a plaintiff's conviction, he must first

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 4**

prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.* As a result, "a claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id*. On the other hand, if "the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Id.* at 487 (footnote omitted). Plaintiff's pleadings do not demonstrate that victory in this action would not invalidate the state criminal action outcome.

Finally, the Supreme Court has made it clear that when a state prisoner seeks "a determination that he is entitled to immediate release or a speedier release from ... imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Accordingly, release from incarceration is not an available remedy in a § 1983 action.

## ORDER

For all of the foregoing reasons, **IT IS ORDERED** that the Complaint is DISMISSED without prejudice.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 5**

DATED: June 18, 2020

B. Lynn Winmill
U.S. District Court Judge